## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Darnell Holloway,** | **Case No. 5:23 cv 1778** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Steven G. Noffsinger, MD,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

### Background

*Pro se* plaintiff Darnell Holloway, an Ohio prisoner incarcerated in the Mansfield Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against Dr. Steven G. Noffsinger, MD, a clinic psychologist, and Attorney Jaye N. Schlachet. (Doc. No. 1.)

Although his complaint is rambling, unclear, and difficult to parse, it pertains to his 2014 conviction in the Cuyahoga County Court of Common Pleas, on charges of aggravated murder, murder, felonious assault, discharge of a firearm on or near prohibited premises, and having a weapon while under disability, for which he is presently incarcerated ("the criminal case"). *See State v. Holloway*, Case No. CR–13–577833–B (Cuyahoga County Court of Common Pleas). Plaintiff's conviction and sentence were affirmed by the Ohio Court of Appeals. *State v. Holloway*, 2015 -Ohio-1015, 2015 WL 1255788, at *1 (Ohio App. 8 Dist. Mar. 19, 2015). And he was subsequently denied federal *habeas corpus* relief. *Holloway v. Lazaroff*, Case No. 1:16-cv-03032, 2018 WL 4002778 (N.D. Ohio Aug. 22, 2018).

In his complaint, plaintiff contends defendants violated his constitutional rights in connection with the criminal case.  He contends he suffers from serious mental health conditions and was "a former admitted patient" at St. Vincent Charity Hospital/North Coast Behavioral Health Systems ("North Coast").  (Doc. No. 1 at 6.)  He alleges that Dr. Noffsinger violated his civil rights and endangered his mental health "by releasing him" from North Coast, which he contends "prompt[ed him] to be accused of the [charges in the criminal case] for which he is an incarcerated individual." (*Id*. at 7.)  He contends he "should have been a 'continual civil commitment patient' still with Northcoast" and that, had he been kept under civil commitment rather than released, his "criminal indictment/charges/imprisonment" would not have happened.  (*Id*. at 7.)

Plaintiff contends Attorney Schlachet, his court-appointed attorney, engaged in negligence and violated his federal rights by providing him ineffective assistance of counsel in the criminal case, including by failing to argue or instruct the jury on inferior-degree offenses related to his mental illness condition.  (*Id*. at 6.)

Contending that defendants are employees of the State of Ohio who violated his constitutional rights and are responsible for his conviction, sentence, and imprisonment in the criminal case, he seeks $800,000 in monetary relief.  (*Id*. at 14-15.)

### Standard of Review

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and

2

courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

In addition, federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).  To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Discussion

Upon review, the Court finds that plaintiff's complaint fails to state a plausible § 1983 claim and must be dismissed, for multiple reasons, under § 1915(e)(2)(B).

First, to state a claim under § 1983, a plaintiff must allege that he suffered a deprivation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, does not act under color of state law for purposes of § 1983.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional

3

functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Accordingly, plaintiff's complaint fails to state a plausible § 1983 claim and warrants dismissal as against Attorney Schlachet, plaintiff's court-appointed attorney.

Second, even assuming Dr. Noffsinger acted under color of state law when he allegedly "released" plaintiff from North Coast, liberally construing plaintiff's complaint, the Court concludes that Dr. Noffsinger did so in the capacity of a psychologist appointed by the state court to conduct a competency examination.  In that capacity, Dr. Noffsinger is entitled to absolute immunity from plaintiff's § 1983 damages suit.  *See Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987) (a court-appointed psychologist who performs a competency evaluation for a court performs functions essential to the judicial process and has absolute immunity); *see also Morstad v. Dep't of Corr, & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (psychologist who evaluated probationer pursuant to court order was absolutely immune from damages in a § 1983 action); *Robbins v. Cty. of Boulder*, No. 14-cv-01032-BNB, 2014 WL 3929143, at *4 (D. Col. Aug. 12, 2014) (finding that the psychiatrist who evaluated the plaintiff and offered her opinion regarding his competence to stand trial is "absolutely immune for liability in damages for such testimony").

Third, plaintiff's § 1983 claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Heck* held that a state prisoner cannot make out a cognizable damages claim under § 1983 for an allegedly unconstitutional conviction, or for any other "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the prisoner first shows that his conviction has been "reversed on direct appeal, expunged by

4

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."  *See also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Wilson v. Kinkela*, 145 F.3d 1335, 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Heck*, 512 U.S. at 486.

Plaintiff's claims against defendants on their face call into question the validity of his indictment and conviction in the criminal case.  Therefore, his § 1983 claims are non-cognizable under *Heck* unless he demonstrates that his conviction has been set aside or invalidated in one of the ways *Heck* articulates.  Nothing in plaintiff's complaint suggests this has happened.  In fact, his conviction and sentence have been affirmed by the Ohio Court of Appeals, and he has been denied federal *habeas corpus* relief.

Finally, on the basis of plaintiff's allegations, any § 1983 claim he purports to assert is time-barred.  The statute of limitations for claims under § 1983 is the two-year statute set forth in Ohio Revised Code § 2305.10.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  The statute beings to run when a plaintiff has reason to know of his injury or should have discovered it with reasonable diligence.  *See Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001).  Plaintiff filed this lawsuit on September 13, 2023.  But in his complaint, plaintiff complains of events and conduct that occurred, and of which he should have been aware, pertaining to his 2014 conviction that occurred well more than two years before he filed this lawsuit, and more than two years after the Ohio Court of Appeals affirmed his conviction and sentence and he was denied federal *habeas corpus* relief.

5

## Conclusion

Accordingly, for all of the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


         _s/Pamela A. Barker_____
         PAMELA A. BARKER

Date:   January 4, 2024         U. S. DISTRICT JUDGE